IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Direct Link International LLC | § | Civil Action No. |
| | § | |
| v. | § | |
| | § | |
| MV *Sea Train*, *in rem*, her engines, tackle, | § | |
| apparel, etc.; Sea Bridge Shipping | § | |
| Management Co., Ltd.; Hongkong New | § | |
| Silk Road Shipping Limited; and | § | Pursuant to Rule 9(h) FRCP – |
| Cooper/Ports America, LLC | § | ADMIRALTY |

## PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT

COMES NOW Direct Link International LLC, by and through its undersigned attorney, and, for its Verified Original Complaint against MV *Sea Train*, *in rem*, her engines, tackle, apparel, etc., Sea Bridge Shipping Management Co., Ltd., Hongkong New Silk Road Shipping Limited, and Cooper/Ports America, LLC, would respectfully show:

### I. PARTIES

1.1     Plaintiff Direct Link International LLC ("Plaintiff" or "Direct Link"), is an Oregon limited liability company whose members are citizens of, and its principal place of business is in, the state of Oregon.

  1.1.1 Direct Link was the shipper, consignee, and/or owner of the shipment of cargo described herein, and brings this action on behalf of, and for the interest of, all parties who are, may be, or may become, interested in such shipment as their respective

interests may appear. Direct Link is entitled to maintain this action for the full extent of its own damages and has standing to assert the claims made herein.

1.2    Defendant *in rem* MV *Sea Train* is a Panamanian flagged bulk carrier, IMO number 9876749.  The vessel transported the cargo made the subject of this claim from Qingdao, China to the Port of Houston, Texas.

1.3    Defendant *in personam* Sea Bridge Shipping Management Co., Ltd. ("Sea Bridge"), is a company organized and existing under the laws of a state other than Texas, with its principal place of business at Building 29, Haiyin Changtian, Lingshanwei Street, Huangdao District, Qingdao, China.  At all material times hereto, Sea Bridge was the owner and manager of the MV *Sea Train*.

    1.3.1 In accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), Plaintiff hereby forwards duplicate originals of process with this Original Complaint, with Chinese translation attached thereto, to the Central Authority, to wit:

International Legal Cooperation Center
Ministry of Justice of China
33, Pinganli Xidajie
Xicheng District
Beijing 100035
People's Republic of China

for service upon Sea Bridge Shipping Management Co., Ltd., Building 29, Haiyin Changtian, Lingshanwei Street, Huangdao District, Qingdao, China.

1.4     Defendant *in personam* Hongkong New Silk Road Shipping Limited ("Hongkong New Silk Road"), is a company organized and existing under the laws of a state other than Texas, with its principal place of business at Room 1401, 14th Floor, World Commerce Centre, 7-11, Canton Road, Tsim Sha Tsui, Kowloon, Hong Kong, China.  At all material times hereto, Hongkong New Silk Road was the owner, owner *pro hac vice* and/or charterer of the MV *Sea Train*.

1.4.1 In accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), Plaintiff hereby forwards duplicate originals of process with this Original Complaint, with Chinese translation attached thereto, to the Central Authority, to wit:

> International Legal Cooperation Center
> Ministry of Justice of China
> 33, Pinganli Xidajie
> Xicheng District
> Beijing 100035
> People's Republic of China

for service upon Hongkong New Silk Road Shipping Limited, Room 1401, 14th Floor, World Commerce Centre, 7-11, Canton Road, Tsim Sha Tsui, Kowloon, Hong Kong, China.

1.5     Defendant Cooper/Ports America, LLC ("C/PA"), is a domestic limited liability company with is principal place of business in Alabama, doing business in the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, David Morgan, 2315 McCarty Drive, Houston, Texas

77029.  At all material times hereto, C/PA provided the stevedore services aboard the MV *Sea Train*.

## II. JURISDICTION AND VENUE

2.1 This cargo claim presents an admiralty or maritime claim within the jurisdiction of the United States and this Honorable Court pursuant to Article III, section 2 of the U.S. Constitution, 28 U.S.C. § 1333, and Federal Rule of Civil Procedure 9(h). The *in rem* claim is asserted against the vessel MV *Sea Train*, pursuant to Rule C of the Supplemental Rules for Certain Admiralty & Maritime Claims, Federal Rules of Civil Procedure, and the general maritime law of the United States.  Any claims not within this Court's original jurisdiction are subject to the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as they are so related to the claims within the Court's original jurisdiction that they form part of the case or controversy under Article III of the U.S. Constitution.

2.2 Venue is proper in this admiralty action as the Defendants are subject to personal jurisdiction in this District.

## III. FACTS GIVING RISE TO LIABILITY

3.1 On or about November 11, 2021, cargo of two hundred crates/bundles of film faced plywood were delivered in good order and condition to the MV *Sea Train* in Qingdao, China, to be transported by sea on the MV *Sea Train* to the Port of Houston, Texas, USA (the "Cargo").  The owners, charterers, or carriers issued Bill of Lading

number SXUQSTQDHU06 on or about November 11, 2021, covering the aforementioned cargo of plywood, all of which moved under the issued Bill of Lading, or other contracts or agreements.

    3.2    Direct Link paid value for this Cargo, plus freight, custom duty and port fees prior to receiving the Cargo, with the expectation of receiving a larger sum in revenue from sales of the Cargo at market values applicable when the Cargo arrived in sound condition.

    3.3    The Cargo was delivered to the MV *Sea Train* in good order and condition. After arrival, but before discharge and delivery, the Cargo caught fire while still onboard the MV *Sea Train* while she lay alongside Port of Houston, at, near or around City Docks #26.  The fire was caused by the acts and/or failures to act of Defendants who all owed a duty to Direct Link to care for and keep safe the Cargo while in their possession and control, but who each breached that duty by causing or allowing the fire to start and spread, including, but not limited to, allowing smoking on board, not enforcing rules against smoking on board, and actually smoking on board, some or all of which caused Direct Link the damages it now claims. The fire and resulting efforts to extinguish the fire caused damage to the Cargo and rendered it worthless, with negligible salvage value that does not reduce the claim against Defendants.

3.4    The damage to Cargo gives rise to a maritime lien in favor of cargo's interests which Direct Link hereby asserts against the MV *Sea Train*, *in rem*, and gives rise to a claim for damages against all Defendants *in personam*.

3.5    The damage to Cargo was the direct and proximate result of the acts and/or failure to act of each of the Defendants herein, which constitute negligence, breach of contract(s) of carriage, breach of contract of bailment, unseaworthiness, deviation and/or breach of the implied and/or express warranties on the part of the Defendants while the Cargo was in the Defendants' care, custody, and/or control.

### IV. DAMAGES

4.1    As a result of Defendants' negligence, breach of contract(s) of carriage, breach of contract of bailment, unseaworthiness, deviation and/or breach of the implied and/or express warranties owed to Direct Link, Direct Link has suffered a loss of approximately $675,000, exclusive of freight, custom duty, interest and costs, for which Direct Link brings this action to enforce its maritime lien on the MV *Sea Train*, *in rem*, and for recovery of damages against the Defendants *in personam*.

4.2    In addition to the aforementioned damages, Direct Link hereby demands statutory attorney's fees as allowed by section 38.001 of the Texas Civil Practice and Remedies Code, Texas state law, and applicable maritime law.

WHEREFORE, Plaintiff Direct Link International LLC prays that its maritime lien and claims against the MV *Sea Train*, be enforced and effectuated, that a warrant of arrest

for the vessel MV *Sea Train* issue, and that all persons claiming any interest therein may be cited to appear and answer the matter, that a judgment may be entered in favor of Plaintiff Direct Link International LLC for the amount of its claims to be determined, together with interest and costs, and that the vessel MV *Sea Train* be condemned and sold to pay same, and that Defendants *in personam* be cited to appear and answer herein, and that upon final hearing of all claims, Plaintiff Direct Link International LLC have and recover judgment against all aforesaid Defendants in an amount equal to its losses, damages, and disbursements, together with reasonable and necessary attorney's fees, plus interest at the legal rate until paid, and all costs of Court. Plaintiff Direct Link International LLC prays for all such further relief, both general and special, at law or in equity, to which it may be justly entitled.

                                              Respectfully submitted,

                                              */s/ David S. Toy*
                                              David S. Toy
                                              SBN 24048029 / SDTX ID 588699
                                              DAVID TOY LAW FIRM
                                              4309 Yoakum Boulevard, Suite 2050
                                              Houston, TX 77002
                                              david.toy@davidtoylaw.com
                                              (T) 713 322 7911

                                              ***Attorney for Plaintiff,***
                                              ***Direct Link International LLC***